STEPHEN EVERNS v. GEO. W. BECKLEY.

[Abstract Kentucky Law Reporter, Vol. 7—308.]

**Purchase-Money Lien on Land.**

Where B sold land to J and executed a deed retaining a lien for part of the purchase-money, and J, not having paid the secured purchase-money notes, sold the land to E under a parol contract, E only paying of the purchase-money of $1,200 about $145, B's lien is first, and B in equity is not bound to pay E the $145 advanced by him for the land. If E wants to hold the land he must pay off B's lien.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 20, 1885.

OPINION BY JUDGE PRYOR:

We can not see upon what principle of equity the appellee, Beckley, is to be made liable for the money paid by the appellant on his parol purchase from Jones. Beckley sold this land to Jones and executed to him a conveyance retaining a lien for the deferred payments consisting of two notes. Jones sold to Everns the same land by parol, and Everns took possession. All the latter ever paid on the purchase-price, which was $1200, was a lot of sheep valued at $145. This lot of sheep Jones, who had purchased of Beckley, turned over to the latter. Jones and Beckley rescinded their contract of sale and Jones reconveyed to Beckley, the consideration being the deferred payments due by Jones. Jones being unable to surrender the possession of the land, Beckley brought suit to enforce his lien for the purchase-money thereby renouncing his contract of rescission. Jones and Everns were both defendants but Jones made no defense. Everns filed an answer insisting that by the acceptance of the deed reconveying the land the appellee lost his lien, and that Beckley and Jones were conspiring to defraud him, Beckley knowing that he had purchased of Jones and made him a payment. The appellant from

his own admission was indebted to Jones for the land in a much larger sum than Jones was owing to Beckley; and, if he relied on his parol purchase and his possession under it, when Beckley attempted to enforce his lien all the appellant had to do was to pay Beckley his money. This was all Beckley asked and the equity to which he was entitled.

It may be argued that under the contract with Jones the appellant agreed to pay for the land as it suited his convenience. This was a most singular agreement in regard to this purchase by the appellant. He not only purchased by parol, but by the contract was to pay when it suited him. This indicates a willingness if not a purpose to hinder Beckley in enforcing his contract; but at best all Beckley could do, with a knowledge of appellant's rights, was to enforce his lien and the appellant's convenient purchase could have been readily sustained if he had paid Beckley his money. This he failed to do or to even ask that he might be permitted to discharge the lien. The acceptance of the deed by Beckley either passed to him the absolute title as against Everns or it gave him only a lien for the notes he had surrendered, as between Everns and himself. The lien was what he was entitled to and nothing more. The appellant knew that Beckley held this lien, and the weight of the testimony is that he was to satisfy the Beckley notes.

Furthermore it is shown by Jones that if the appellant failed to pay the purchase-money he was to pay rent, and while this is denied by appellant we are disposed to believe Jones. He has never once accepted the land, has paid nothing but the value of the sheep, and under the proof in this case the chancellor will not be disposed to create for appellant an equity as against Jones, and he certainly has none against Beckley.

With such a contract as appellant says he made, it is perfectly reasonable that he should have added to it the agreement to pay rent in the event he failed to pay the purchase-money to Beckley.

Judgment *affirmed*.

*Emmet Field, for appellant.*

*J. P. Helm, for appellee.*